CAROLINE S. DIMMOCK ET UX., Respondents, *v.* JOHN J. DALY, Appellant.

### November 16, 1880.

A tenant, when sued on his covenant to pay rent, cannot set up as a defence or as a counter-claim a tortious act of his landlord, such as trespass upon the demised premises and consequent injury to the tenant's goods, where the wrong does not amount to an eviction, and is not pleaded as a breach of the covenant of quiet enjoyment.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Affirmed*.

E. T. FARISH, for the appellant: "If one is sued upon a covenant for rent, he may recoup for damages occasioned by a breach of other covenants in the same lease, though they are implied ones only."— *Mayor* v. *Mabie*, 3 Kern. 151; *Wright* v. *Litton*, 38 Ill. 293; *Wagner* v. *Dette*, 2 Mo. App. 267; *Green* v. *Bell*, 3 Mo. App. 295. Any obstruction by the landlord to the beneficial enjoyment of the demised premises, or a diminution of the consideration of the contract by the acts of the landlord, amounts to a constructive eviction. — *Lewis* v. *Payne*, 4 Wend. 424; *Dyett* v. *Pendleton*, 8 Cow. 727; *Wright* v. *Litton*, 38 Ill. 293; *Jackson* v. *Eddy*, 12 Mo. 209; *Gray* v. *Gaff*, 8 Mo. App. 329.

MARTIN & LACKLAND, for the respondent: There was here no eviction, actual or constructive, and the tenant cannot refuse to pay rent for premises occupied by him.— *Dyett* v. *Pendleton*, 8 Cow. 729; *Edwards* v. *Candy*, 14 Hun, 596; *Bank* v. *Newton*, 57 How. Pr. 152; *Cram* v. *Dresser*, 2 Sandf. 120; *Jackson* v. *Eddy*, 12 Mo. 209. The facts set up in the answer neither constitute a defence nor a counter-claim. — *Edgerton* v. *Page*, 20 N. Y. 281; *New York* v. *Parker*, 8 Bosw. 300; *s. c.* 12 Abb. Pr. 30; *s. c.* 21 How. Pr. 289.

BAKEWELL, J., delivered the opinion of the court.

This is an action upon a written lease, to recover four months' rent due, the rent of a store-room and cellar in St. Louis, of which defendant was in possession under the lease. The answer admits the execution of the lease and defendant's occupation under it, and, as matter of defence, sets up that the store and cellar in question are parts of a building owned by plaintiff, the lessor, the upper stories of which are occupied by tenants of the lessor; that the lessor put in water-pipes between the partition-wall which

is the southern boundary of the store demised to defendant, and under the floor and under the ceiling of the store, for the convenience of the tenants on the upper stories; that defendant's store has no connection with these pipes, and that the pipes are so badly exposed and improperly placed and constructed that they burst whenever the weather is cold, and have so burst several times during the time that defendant has occupied the premises, damaging defendant's goods and machinery; that defendant notified plaintiff of the condition of the pipes and the consequent loss to him, but that she refused to change the location of the pipes; that these pipes burst on January 8, 1879, and flooded defendant's store, and loosened the ceiling so as to endanger occupants of the store; that the ceiling remains in a dangerous condition; that the pipes periodically since that date break and leak, and that the premises occupied by defendant under the lease have, by reason of these facts, become untenantable, and that plaintiff refuses to repair. Defendant further sets up that during the months for which rent is claimed, plaintiff caused bricks to be piled in the alley behind the building and over the cellar grating, so as to stop the ventilation of the cellar and render it damp, unwholesome, and untenantable, and a nuisance, and that the employees of defendant could not occupy the rear of the building by reason of the glare from the bricks; that plaintiff was notified of all this, and refused to do anything. Defendant asks damages by reason of these alleged wrongs in the sum of $5,000, which he asks to recover against plaintiff's claim for rent. Plaintiff demurred, on the ground that the answer does not contain either a defence or a counter-claim. The demurrer was sustained. Defendant refused to plead further, and there was judgment for the amount claimed by plaintiff.

If we rightly gather from his brief the view of counsel for appellant, it is that this answer is to be treated as if the implied covenant for quiet enjoyment were pleaded therein.

The lessee might, in an action for rent, set up the breach by plaintiff of a covenant in the same lease, where such covenant concerned the subject for which rent was agreed to be paid. But we do not see that this covenant of the lessor is set up in the answer. The pleader seems not to have had any such covenant in his mind, but rather sets up a counter-claim for damages exceeding the amount of rent claimed in the action, and arising from tortious acts of the lessor, resulting in damages to his business and to his stock in trade. Waiving that, and giving to the pleading a construction of which we think it not fairly susceptible, but for which the pleader contends, we think the demurrer was properly sustained.

There has been no eviction from any part of the demised premises. The answer admits that defendant has remained in possession during the whole period for which rent is demanded. But where there has been no eviction, actual or constructive, there is no breach of the covenant for quiet enjoyment. Defendant has not been expelled by plaintiff, nor has he gone out on any pretext of such acts of the landlord as render it impossible longer to remain, and indicate a present intention of the landlord to drive him out. The act of the lessor in creating a nuisance in the alley was no eviction of the tenant; nor was the fact that water-pipes running between the bricks and plaster of the walls and floor and ceiling, for the convenience of other tenements owned by the same landlord, burst, and rendered the demised premises unwholesome, and damaged defendant's business and his stock of goods; any eviction of the tenant. It is not necessary to repeat what has been said on this subject in the recent case of *Gray* v. *Gaff*, 8 Mo. App. 329, or to refer anew to the cases there considered.

*Green* v. *Bell*, 3 Mo. App. 291, which counsel for appellant cites, is not in point. In that case there was a breach of the covenant to repair.

If the tenant be really driven out, or virtually compelled to quit by the illegal acts of the landlord, so that he goes

out rather than be put out, this may be a defence in an action for use and occupation. But neither is the present suit an action for use and occupation, nor was the tenant driven out. If the action is on the covenant to pay rent, there may be a recoupment for damages sustained by breach of the covenant to repair in the same lease. But neither under the Code nor at common law can the tenant, when sued on his covenant to pay rent, set up, by way either of defence or as a counter-claim, a tortious act of the landlord, such as a trespass upon the demised premises and consequent injury to defendant's goods, unless, perhaps, in a case where the wrong amounts to an eviction, and is pleaded as a breach of the covenant of quiet enjoyment. *Walker* v. *Shoemaker*, 4 Hun, 579 ; Taylor's L. & T., sect. 375. But in the case last supposed the damages could be only the amount of rent cut off from plaintiff because of the diminution of value of the lease, caused by the breach of covenant.

That damages for a trespass cannot be set off, under the Code, against contract, we need hardly say. Counsel for appellant does not contend that this can be done. Nor does the fact that the property conveyed by a sale, or the premises demised by a lease, become the object of a wrong committed by the vendor or lessor against the vendee or lessee, make the wrong a subject of set-off, or recoupment, or counter-claim, in an action on the contract. Thus, in an action for the purchase-money of a horse, a plea that plaintiff, after the sale and transfer was complete, took the horse out from defendant's stable and crippled him, would not be good either by way of defence or recoupment. The subject of the action in the present case is the payment of rent. The fact that the rent issues from premises upon which plaintiff committed a trespass would not, even if such a case were fully made out in the answer, make the cause of action for this supposed trespass " a cause of action arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, or connected with the subject of the action," in the language of the Code. In

the present case, it appears from the answer that the pipes were in position when defendant rented the store and cellar. It is not alleged that they were put in after the lease. We are not to be taken as assuming by anything said that the injuries pleaded could constitute a breach of the covenant of quiet enjoyment.

There seems to be no ground upon which this answer can be held to set up a valid defence or a valid counter-claim. The judgment is affirmed. All the judges concur.