J. C. FLEEMAN, Appellant, v. J. D. PITTMAN, Respondent.

In the Springfield Court of Appeals, July 2, 1924.

1. **JUSTICES OF THE PEACE:** Counterclaim: Amendment to Counterclaim Held not to Set up New Cause of Action. Where a counterclaim in justice court charged that landlord by force wrongfully prevented tenant from gathering crop or using pasture, an amendment in circuit court alleging that landlord appropriated the property *to his own use held* not to state a different cause of action, both acts amounting to a conversion.

2. **TRIAL:** Instruction Broader Than Pleading, but Following Evidence Admitted without Objection Held not Ground for Reversal. Though defendant's counterclaim was based on plaintiff's wrongful appropriation of defendant's corn and his acts preventing defendant from pasturing a stalk field, an instruction authorizing recovery for cow peas *held* not to require reversal where evidence as to the cow peas was admitted without objection and treated by the parties the same as the corn and stalk field.

3. **LANDLORD AND TENANT:** Tenant's Counterclaim for Tortious Acts Held Properly Filed, Where Acts Amounted to Eviction. In a suit for rent, tenant's counterclaim for wrongful appropriation of defendant's corn, and preventing defendant from pasturing a stalk field, *held* properly filed, notwithstanding tortious character of acts, since they amounted to an actual eviction, breaching implied covenant of quiet enjoyment.

Appeal from the Circuit Court of Dunklin County.— *Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*W. E. Edmonds* and *E. R. Lentz* for appellant.

(1) A claim for unliquidation damages sounding in tort cannot be the subject of counterclaim in an action on contract, unless it arose out of the same contract or transaction as that on which plaintiff's action is based, or connected with the subject of action. R. S. 1919, sec. 1233; Finney v. Raudabaugh, 182 Mo. App. 248; Landers v. Schneider Bros., 180 Mo. App. 53; Crane v. Murray, 208 S. W. 273; Caldwell v. Ryan, 210 Mo. 25. (2) In this case the subject of the action is debt, for rent, claimed by the plaintiff. The matters alleged in the counterclaim were not connected with the subject of the action and being purely matters in tort could not be subject of counterclaim. 37 Cyc. 343; McCormick v. Hill, 104 Mo. App. 544. (3) An amended answer setting up an additional counterclaim in the circuit court is prohibited by statute. Pallen v. Bogy, 78 Mo. App. 96. (4) The amended counterclaim filed in the circuit court was a different cause of action from that stated in the justice court and requires different proof and a different measure of damages. Scoville v. Glossner, 79 Mo. 449; Neman v. Glann, 129 Mo. 335.

*T. R. R. Ely* for respondent.

(1) Plaintiff appropriated defendant's property and there was an implied contract to pay the value of same. The test for a counterclaim against plaintiff is whether defendant could have a separate judgment against plaintiff on a separate suit. Miller v. Cright, 83 Mo. App. 395; R. S. 1919, sec. 1233; Gordon v. Bruener, 49 Mo. App. 507; R. S. 1919, sec. 1866. (2) At the time plaintiff filed his suit the relation of landlord and tenant did not exist as plaintiff had forcibly evicted defendant. Defendant owed plaintiff rent, and plaintiff owed defendant for corn and stalk field appropriated, and defendant could counterclaim. Thayer-

Moore Brokerage Co. v. Campbell, 147 S. W. 546. (3) There is no substantial difference between the first and amended answer and counterclaim filed by defendant in the justice court and in the circuit court. Both alleged forcible eviction and appropriation of the defendant's corn and stalk field and claimed damages for same. The defendant's counterclaim may be amended on appeal. R. S. 1919, sec. 2910; Kahn v. McCullough, 14 Mo. 584. (4) The eviction of defendant by plaintiff suspended the rent. The covenant for quiet enjoyment requires the lessor to confer and protect all the benefit of the lease to the tenant. Dolph v. Barry, 148 S. W. 196. (5) It can make no difference that the defendant was holding over after the expiration of his lease, for he was entitled to the quiet and peaceable enjoyment of the premises until evicted by process of law. R. S. 1919, sec. 2998.

FARRINGTON, J.—The plaintiff became the defendant's landlord by reason of the purchase of the farm on which defendant lived as a renter. The suit was begun in the justice court wherein plaintiff filed a petition asking for $44.70 due as rent. An answer was filed consisting of a counterclaim for damages in which it is alleged that defendant was in quiet and peaceable possession of the premises and that plaintiff wrongfully ejected him, and by force and without due process of law prevented him from gathering his corn and pasturing his stalk field. Judgment went for defendant in the justice court and plaintiff appealed to the circuit court, where defendant's counterclaim was amended in that it alleged that the plaintiff appropriated defendant's corn to his own use and drove defendant's stock from the premises.

The jury found for plaintiff in the sum of $30, and for defendant on his counterclaim for $85. Judgment was rendered for the difference of $55 for defendant, and from this judgment plaintiff appealed.

It is assigned as error that the amended counterclaim filed in the circuit court was a different cause of action from that pleaded in the justice court. We cannot agree to this contention where it is charged that one by force wrongfully prevents the owner of property from getting it and it remains in the wrongdoer's possession, it is not stating a different cause of action to add to that charge, by amendment, that the wrongdoer has appropriated it to his own use,—both amount to a conversion.

Defendant charges that the instruction is broader than the pleading, in that it permitted a recovery for some cowpeas. The answer to this is that the evidence as to the cowpeas went in without objection and this feature of defendant's property was treated throughout the trial by both parties the same as the corn and "stalk field." We do not deem the objection material to the rights of the parties.

It is lastly asserted that there could be no counterclaim filed in this case, the plaintiff's cause of action being for rent on contract and defendant's cause being in tort. It is true that a tenant cannot file a counterclaim based on the landlord's tort in a suit by the landlord for rent on a contract where the act of the landlord does not amount to an eviction. [Dimmock v. Daly, 9 Mo. App. 354; Gray v. Gaff, 8 Mo. App. 329; Landers v. Schneider, 165 S. W. 872, and cases therein cited.]

The act of the landlord in the case at bar amounts clearly to an actual eviction, and therefore a breach of the implied covenant of quiet enjoyment which formed a consideration for the rent paid. Where the act of the landlord is tortious it may be set up as a counterclaim in a suit for rent where such act amounts to an actual eviction breaching the implied covenant of quiet enjoyment. [Dolph v. Barry, 148 S. W. 196; Thayer-Moore Brokerage Co. v. Campbell, 147 S. W. 545.]

Finding no substantial error in the trial of the case the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.